**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL D. RIOS-ROSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-118 SNLJ |
| | ) | |
| LORAINE ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Self-represented plaintiff Angel Rios-Rosa initiated this action with an incomplete complaint form on July 11, 2023. *See* ECF No. 1. The Court will direct the Clerk of Court to send plaintiff a blank form complaint so that he may file an amended complaint in this matter within twenty-one (21) days of the date of this Memorandum and Order. Plaintiff will also be required to either pay the full $402 filing fee or file a certified copy of his prison account statement. Additionally, plaintiff's motion for counsel will be denied at this time.

**Discussion**

Plaintiff, an inmate currently incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri, brings this action asserting civil rights violations pursuant to 42 U.S.C. § 1983. He names as the sole defendant in this case Functional Unit Manager Loraine Armstrong, who he sues in both her official and individual capacities. Although plaintiff states that defendant Armstrong is employed by the Missouri Department of Corrections at 300 E. Pedro Simmons Drive, which is the address for SECC, it appears from the documents attached to the complaint that the place of his confinement at the time at the time giving rise to his claims was the Western

Missouri Correctional Center (WECC) in Cameron, Missouri.[1] The Court admits, however, that because plaintiff has not completed the "Statement of Claim" section of his complaint, it is difficult to ascertain the claims against defendant Armstrong and exactly where the claims arose. For this reason, the Court will require plaintiff to amend his complaint on a court-provided form within twenty-one (21) days of the date of this Memorandum and Order.

The Court warns plaintiff that a failure to complete the court-provided form in its entirety could lead to dismissal of this matter. Furthermore, plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on the court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.  Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

The Court notes that plaintiff also has a pending motion to proceed in forma pauperis [ECF No. 2], but he has failed to provide the Court with a certified account statement. He will be required to submit his account statement within twenty-one (21) days of the date of this Order or pay the full $402 filing fee. If plaintiff fails to do so, his action may be dismissed without prejudice for failure to comply with a Court Order.

---

[1]Under 28 U.S.C. § 1391(b), an action of this type may be brought only in:  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Last, plaintiff's motion for appointment of counsel will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

3

**IT IS FURTHER ORDERED** that plaintiff shall, within twenty-one (21) days of the date of this Memorandum and Order, either pay the full $402 filing fee or file a certified copy of his account statement.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 2nd day of August, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE