UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00118-SNLJ |
| | ) |
| LORAINE ARMSTRONG, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Angel Rios-Rosa, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based on a review of the amended complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1] On August 2, 2023, the Court instructed plaintiff to amend his complaint to properly fill out his "Statement of Claim," and to clearly articulate where defendant Loraine Armstrong was located. [ECF No. 4].

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a compliant filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Amended Complaint**

Plaintiff brings this action on a court-provided civil complaint form for filing claims pursuant to 42 U.S.C. § 1983.[2] He names as the sole defendant Loraine Armstrong, his Functional Unit Manager at SECC.

Plaintiff's allegations are best understood if quoted in their entirety:

> On the aboving mentioned date day 5-5-2023 Functional Unit Manager (Loraine Armstrong) do had has it violating policys procedures (D1-8-13) <u>Sexual Abuses Harassments</u> by calling mine self (rapist) on front of CCMII Howard and Sargent Tylor Womack doing also Iams on federal action case (#1-23-CV-00025 PLC) on Eastern District MO fighting to proving mind innocency on a sex case

ECF No. 1 at 4.

Plaintiff has attached to his amended complaint a copy of a grievance response relative to a grievance he filed at the Western Missouri Correctional Center (WMCC) on February 25, 2021. The grievance does not appear to have anything to do with the amended complaint against defendant Armstrong, which occurred in May of 2023. However, the grievance relates to a conduct violation he received for inappropriate sexual behavior in early November of 2020 at WMCC.

Plaintiff states that he was humiliated by defendant Armstrong's comment, and he seeks $500,000 for her purported violation of Missouri Department of Corrections policy.

---

[2] In less than one year, plaintiff has filed more than ten civil rights actions in this Court and in the United States District Court for the Western District of Missouri. All of plaintiff's cases that have been reviewed under 28 U.S.C. § 1915 have been dismissed for failure to state a claim or failure to prosecute. Several have been transferred to the Western District of Missouri.

**Discussion**

Plaintiff's amended complaint is subject to dismissal. First, to the extent plaintiff is seeking $500,000 in compensatory damages, his amended complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA).

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury). Plaintiff has alleged no physical injury arising out of the claimed violations of his constitutional rights. He has alleged only humiliation. The PLRA bars recovery of compensatory damages in this action.

Furthermore, to the extent plaintiff's amended complaint can be understood to be alleging a violation of a regulation of the Missouri Department of Corrections, such a violation does not rise to the level of a constitutional violation. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations").[3]

Accordingly,

---

[3] Alternatively, the Court finds that plaintiff's amended complaint is also subject to dismissal pursuant to 28 U.S.C. § 1915(g) because three or more of his cases have been dismissed as frivolous, malicious or for failure to state a claim. *See Rios-Rosa v. Reed*, No. 1:23-CV-85 SNLJ (E.D.Mo.); *Rios-Rosa v. SECC Financial Office Members*, No. 1:23-CV-24 MTS (E.D.Mo.); *Rios-Rosa v. Christenson*, No. 1:22-CV-145 SNLJ (E.D.Mo.).

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the proper spelling of defendant's name: Loraine Armstrong.

**IT IS FURTHER ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States district Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE